ORIGINAL

1   Mark Yablonovich (SBN 186670)
2   Marc Primo (SBN 216796)
    Joseph Cho (SBN 198844)
3   Shawn Westrick (SBN 235313)
    Initiative Legal Group LLP
4   1875 Century Park East, Suite 1800
    Los Angeles, California 90067
5   Telephone:    (310) 556-5637
6   Facsimile:    (310) 861-9051
    JosephCho@InitiativeLegal.com
7   Attorneys for Plaintiff/Class Members
8

FILED

07 MAR -3 PM 1:50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11

12   C 07     1858 EMC

13
14   CARLTON M. LENNON, individually, and
     on behalf of all other members of the general
15   public similarly situated,
     JAMES L. THOMPSON, individually, and
16   on behalf of all other members of the general
     public similarly situated,
17
18          Plaintiffs,
19   vs.
20
     AXA ADVISORS, LLC; AXA NETWORK,
21   LLC; and DOES 1 through 20, inclusive,
22          Defendants.
23
24
25
26
27
28

**Case Number:**

Rule 23 of the Federal Rules of Civil
Procedure

**Class Action Complaint For:**
(1) Violation of 29 U.S.C. § 207;
(2) Violation of California Labor Code §§
510 and 1194;
(3) Violation of California Labor Code §
226(a);
(4) Violation of California Labor Code §
226.7(a);
(5) Violation of California Labor Code §§
221, 400-410, 2802 and 8 C.C.R. § 11040;
(6) Violation of California Labor Code §§
201 and 202; and
(7) Violation of California Business &
Professions Code § 17200, et seq.;

**Jury Trial Demanded**

COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated, and on behalf of the general public, allege as follows:

## JURISDICTION AND VENUE

1.    This class action is brought pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

2.    Plaintiffs filed a Class Action Complaint on or about November 17, 2006 in the Superior Court of California, County of Los Angeles, Case No. BC 362187. The Complaint was served on Defendants AXA Advisors, LLC and AXA Network, LLC by January 9, 2007.

3.    On January 18, 2007, Defendants removed this matter to the United States District Court (Central District of California), pursuant to 28 U.S.C. §§ 1331 and 1441(b).

4.    In late February, the parties agreed that Plaintiff would dismiss the action in Federal Court and refile the Complaint in the Northern District of California so that it could be consolidated with a related case, Meola v. AXA Financial, Inc. et al. The parties agreed that upon refiling the statute of limitations would relate back to Plaintiff's original filing of this lawsuit in California state court. On February 28, 2007, the Honorable Judge Pregerson dismissed this action per the parties' stipulation, for this purpose.

5.    Venue is proper in this Court because, upon information and belief, Defendants transact business, or have offices in this county.

## THE PARTIES

5.    Plaintiff CARLTON M. LENNON (hereinafter "LENNON"), is a United States citizen and resident of Kern County, in the state of California.

6.    Plaintiff JAMES L. THOMPSON (hereinafter "THOMPSON"), is a United States citizen and resident of Marin County, in the state of California.

7.    Defendant AXA ADVISORS, LLC was, and is, upon information and belief, a limited liability company doing business within the state of California, and at all material

times hereinafter mentioned. Defendant AXA ADVISORS, LLC is in the business of providing investment banking, securities trading and brokerage services.

8.    Defendant AXA NETWORK, LLC was, and is, upon information and belief, a limited liability company doing business within the state of California, and at all material times hereinafter mentioned. Defendant AXA NETWORK, LLC is in the business of financial planning; sales of securities, insurance and annuities; and brokerage services.

9.    Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-20, but prays for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

10.    Plaintiffs are informed and believe, and thereon allege, that Does 1-20 are the partners, owners, shareholders or managers of Defendants, and were acting on behalf of Defendants.

11.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences and transactions alleged herein.

12.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of Defendants were in accordance with, and represent the official policy of, Defendants.

13.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

## CLASS ACTION ALLEGATIONS

14.    Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated, and thus, seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

COMPLAINT

15.    The proposed class consists of, and is defined as:

All current and former sales associates, securities brokers and broker trainees, or persons with similar titles and/or similar job duties, who worked for Defendants in the State of California at any time during the period from four years prior to the filing of this Complaint to final judgment.

16.    There is a well-defined community of interest in the litigation and the class is easily ascertainable:

a.    Numerosity:  The Class Members, and each subclass, if any, are so numerous that joinder of all Class Members would be unfeasible and not practicable.  The membership of the entire Class is unknown to Plaintiffs at this time.  However, the Class is estimated to be greater than 100 individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member, with whom they have a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

c.    Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have

4

1  been, are, and will be necessarily expended for the prosecution of this action for the

2  substantial benefit of each Class Member.

3      d.    Superiority:  The nature of this action makes the use of class action

4  adjudication superior to other methods.  This case involves large corporate employers

5  (Defendants) and a large number of individual employees (Plaintiffs and the Class Members)

6  with many relatively small claims with common issues of law and fact.  If each employee

7  were required to file an individual lawsuit, the corporate Defendants would necessarily gain

8  an unconscionable advantage since they would be able to exploit and overwhelm the limited

9  resources of each individual Class Member with its vastly superior financial and legal

10  resources.  Requiring each Class Member to pursue an individual remedy would also

11  discourage the assertion of lawful claims by employees who would be disinclined to pursue

12  an action against their present and/or former employer for a justifiable fear of retaliation and

13  permanent damage to their careers at present and/or subsequent employment.  Proof of a

14  common business practice or factual pattern, of which the named Plaintiffs experienced, that

15  are representative of the Class mentioned herein, will establish the right of each Class

16  Member to recovery on the Causes of Action alleged herein.  Class action will achieve

17  economies of time, effort, and expense as compared with separate lawsuits, and avoid

18  inconsistent outcomes because the same issues can be adjudicated in the same manner for the

19  entire Class.

20      17.   There are common questions of law and fact as to the class, and each subclass,

21  if any, that predominate over questions affecting only individual members, including, but not

22  limited to:

23      a.    Whether Plaintiffs and the other Class Members qualify for "exempt"

24  status under any applicable legal exemption;

25      b.    Whether Defendants required Plaintiffs and the other Class Members to

26  work over eight (8) hours per day and/or forty (40) hours per week, and failed to pay

27  overtime compensation earned by and owed to Plaintiffs and the other Class Members;

28

COMPLAINT

c.    Whether Defendants failed to pay the legally mandated minimum wage to Plaintiffs and the other Class Members for hours worked;

d.    Whether Defendants properly complied with wage reporting requirements;

e.    Whether Defendants deprived Plaintiffs and the other Class Members of meal and/or rest periods and/or required Plaintiffs and the other Class Members to work during meal and/or rest periods without compensation;

f.    Whether Defendants unlawfully collected or received from Plaintiffs and the other Class Members any part of wages previously paid to Plaintiffs and the Class Members;

g.    Whether Defendants failed to promptly pay all wages due to Plaintiffs and the other Class Members upon their discharge or resignation;

h.    Whether Defendants' conduct was willful;

i.    Whether Defendants engaged in unfair business practices in violation of Business & Professions Code § 17200, et seq.;

j.    The appropriate amount of compensatory damages resulting from Defendants' violations of law;

k.    The appropriate amount of monetary penalties resulting from Defendants' violations of law; and,

l.    Whether Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.

## FACTUAL ALLEGATIONS

18.    At all material times set forth herein, Defendants employed Plaintiffs and other persons as sales associates, securities brokers or broker trainees in the State of California.

19.    Defendants employed, and continue to employ, Plaintiffs and the other Class Members as exempt workers at its various California business locations.

COMPLAINT

20.    At all material times set forth herein, given the uniform misclassification of Plaintiffs and the other Class Members as exempt employees and other reasons, Defendants consistently failed to properly pay regular and overtime wages, provide meal and rest breaks and compensate for missed meal and rest breaks, to Plaintiffs and other Class Members.

21.    Defendants knew or should have known that Plaintiffs and other Class Members were not receiving proper regular or premium overtime wages, or compensation for missed meal and rest breaks, because, among other things, Defendants' agents, officers and employees witnessed Plaintiffs and other Class Members working hours entitling them to such wages and Defendants' own work schedules indicate that these hours were worked.

22.    Plaintiffs are informed and believe, and thereon allege, that at all material times set forth herein, Defendants knew that they had a duty to compensate Plaintiffs and other Class Members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, solely to increase Defendants' profits.

23.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him under this article."

## **FIRST CAUSE OF ACTION**

### **Violation of 29 U.S.C. § 207**

### **(Against all Defendants)**

24.    Plaintiffs incorporate by reference and reallege as if fully stated herein the allegations set out in paragraphs 1 through 23 of this Complaint.

25.    The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), provides in relevant part,

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his

COMPLAINT

employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

26.    At all material times set forth herein, Plaintiffs and the other Class Members did not qualify for "exempt" status under the FLSA because, *inter alia*, they were not paid on a salary basis; their primary duties did not consist of office or nonmanual work directly related to the management or general business operations of Defendants or Defendants' customers; they did not exercise discretion and independent judgment with respect to matters of significance; they were engaged in "production" work (i.e. sales of securities and other financial products and services, offered by Defendant for sale to the public) as opposed to "administrative" work; and Defendants' businesses did not qualify as either "retail or service establishments."

27.    At all material times set forth herein, Plaintiffs and the other Class Members consistently worked in excess of forty hours in a workweek; however, the proper overtime compensation was not paid by Defendants.

28.    At all material times set forth herein, Defendants' failure to pay Plaintiffs and the other Class Members the unpaid balance of overtime compensation, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful.

29.    Pursuant to the FLSA, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation as well as interest, costs, and attorneys' fees.

30.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example. Therefore, Plaintiffs and the other Class Members are entitled to punitive damages.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1194

### (Against all Defendants)

31.    Plaintiffs incorporate by reference and reallege as if fully stated herein the allegations set out in paragraphs 1 through 30 of this Complaint.

COMPLAINT

32.  California Labor Code § 510(a) provides in relevant part,

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

33.  California Labor Code § 515(a) provides in relevant part,

The Industrial Welfare Commission may establish exemptions from the requirement than an overtime rate of compensation be paid pursuant to Sections 510 and 511 for executive, administrative, and professional employees, provided that the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

34.  At all material times set forth herein, Plaintiffs and the other Class Members did not qualify for "exempt" status under the California Labor Code because, *inter alia*, they were not primarily engaged in the duties that meet any potential exemptions; they did not customarily and regularly exercise discretion and independent judgment in performing those duties; and they did not earn a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

35.  California Labor Code § 515(d) provides in relevant part,

COMPLAINT

For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

36.   California Labor Code § 1194(a) provides,

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

37.   At all material times set forth herein, Plaintiffs and the other Class Members consistently worked in excess of eight hours in one workday and/or 40 hours in any one workweek; however, the proper overtime compensation was not paid by Defendants.

38.   Therefore, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation pursuant to California Labor Code § 510(a) at the rate specified in California Labor Code § 515(d), plus interest, costs, and attorneys' fees.

39.   Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiffs and the other Class Members are entitled to punitive damages.

## THIRD CAUSE OF ACTION
### Willful Violation of California Labor Code § 226(a)
### (Against all Defendants)

40.   Plaintiffs incorporate by reference and reallege as if fully stated herein the allegations set out in paragraphs 1 through 39 of this Complaint.

41.   California Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing

10

showing (i) gross wages earned; (ii) total hours worked by the employee, except for an employee whose compensation is based solely on a salary and who is exempt from the payment of overtime; (iii) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; (iv) all deductions; (v) net wages earned; (vi) the inclusive dates of the period for which the employee is paid; (vii) the name of the employee and his or her social security number; (viii) the name and address of the legal entity that is the employer; and (ix) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42.    At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiffs and the other Class Members.

43.    Plaintiffs are informed and believe, and thereon allege, that Defendants systematically and intentionally under-reported the number of hours worked by Plaintiffs and the other Class Members, resulting in widespread under-compensation for labor performed by Plaintiffs and the other Class Members.

44.    Plaintiffs are informed and believe, and thereon allege, that Defendants systematically and intentionally caused a wage rate to be represented on the employee check stubs that did not correspond with the actual wage rate used to calculate employee compensation.

45.    Plaintiffs are informed and believe, and thereon allege, that Defendants systematically and intentionally engaged in conduct designed to conceal the under-reporting of hours and the incorrect wage reporting from Plaintiffs and the other Class Members.

46.    Defendants' conduct as alleged herein is in violation of California Labor Code § 226(a).

47.    Plaintiffs and the other Class Members are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four

COMPLAINT

thousand dollars ($4,000.00) and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

48.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example. Therefore, Plaintiffs and the other Class Members are entitled to punitive damages.

## **FOURTH CAUSE OF ACTION**

### **Violation of California Labor Code §226.7(a)**

### **(Against all Defendants)**

49.    Plaintiffs incorporate by reference and reallege as if fully stated herein the allegations set out in paragraphs 1 through 48 of this Complaint.

50.    The applicable IWC Wage Order and California Labor Code § 226.7(a) provide that employees cannot be required to work in excess of four hours without receiving a ten minute rest period, nor can they be required to work in excess of five hours without receiving a meal period of not less than 30 minutes.

51.    At all material times set forth herein, Defendants required Plaintiffs and the other Class Members to work in excess of four hours without providing a ten minute rest period.

52.    At all material times set forth herein, Defendants required Plaintiffs and the other Class Members to work an additional four hours without providing a second ten minute rest period.

53.    At all material times set forth herein, Defendants required Plaintiffs and the other Class Members to work for periods longer than five hours without a meal period of not less than 30 minutes.

54.    At all material times set forth herein, Defendants required Plaintiffs and the other Class Members to work during meal periods and failed to compensate Plaintiffs and the other Class Members for work performed during meal periods.

COMPLAINT

55.    At all material times set forth herein, Defendants required Plaintiffs and the other Class Members to work during rest periods and failed to compensate Plaintiffs and the other Class Members for work performed during rest periods.

56.    Defendants' conduct violates the applicable IWC Wage Order, therefore violating California Labor Code 226.7(a).

57.    Plaintiffs and the other Class Members are each entitled to recover from Defendants one hour compensation per missed meal break and/or rest period as premium pay, and not as a penalty.

58.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiffs and the other Class Members are entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 221, 400-410, 2802 and 8 C.C.R. § 11040

### (Against All Defendants)

59.    Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out in paragraphs 1 through 58 of this Complaint.

60.    California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages previously paid by the employer to the employee.

61.    California Labor Code § 2802(a) provides,

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

COMPLAINT

62.    <u>California Labor Code</u> §§ 400-410 provide that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary costs of doing business to the employee.

63.    8 <u>California Code of Regulations</u> § 11040(8) provides,

> No employer shall make any deduction from the wage or require any
> reimbursement from an employee for any cash shortage, breakage, or loss of
> equipment, unless it can be shown that the shortage, breakage, or loss is caused
> by a dishonest or willful act, or by the gross negligence of the employee.

64.    At all material times set forth herein, Defendants required Plaintiffs and the other Class Members to contribute to Defendants' costs of doing business, including, but not limited to compensating Defendants' other employees (i.e. Sales Assistants) for the labor necessary to complete the work; incurring expenses (including, but not limited to, marketing, travel, overhead, office supplies and other expenses that are the employer's costs of doing business) in direct consequence of the discharge of Class Members' duties, or of their obedience to Defendants' directions, which expenses have not yet been reimbursed by Defendants; and being charged back commissions and/or the actual value of the stock losses allegedly caused by Plaintiffs and the other Class Members as a result of their simple negligence or through no fault of their own.

65.    Thus, at all material times set forth herein, Plaintiffs and the other Class Members were forced to contribute to the capital and expenses of Defendants' businesses, which constitutes putting up a cash bond and must be refunded by Defendants to Plaintiff and the other Class Members.

66.    <u>California Labor Code</u> § 218.6 provides for interest specified in <u>California Civil Code</u> § 3289(b), accruing from the date that the wages were due and payable.

67.    Therefore, Plaintiffs and the other Class Members demand reimbursement for those chargebacks deducted by Defendants against Plaintiffs' and the Class Members' wages; and reimbursement for the expenditures or losses incurred by Plaintiffs and the other Class Members in direct consequence of the discharge of their duties, or of their obedience to

1 | Defendants' directions; plus return of all cash bonds or other coerced investments in

2 | Defendants' businesses, with interest at the statutory rate, and attorneys fees.

3 |     68.    Defendants have been guilty of oppression, fraud, or malice, and should be

4 | punished for the sake of example.  Therefore, Plaintiffs and the other Class Members are

5 | entitled to punitive damages.

6 |

7 | **SIXTH CAUSE OF ACTION**

8 | **Violation of <u>California Labor Code</u> §§ 201 and 202**

9 | **(Against all Defendants)**

10 |     69.    Plaintiffs incorporate by reference and reallege as if fully stated herein the

11 | allegations set out in paragraphs 1 through 68 of this Complaint.

12 |     70.    <u>California Labor Code</u> §§ 201 and 202 provide that if an employer discharges

13 | an employee, the wages earned and unpaid at the time of discharge are due and payable

14 | immediately, and if an employee quits his or her employment, his or her wages shall become

15 | due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

16 | previous notice of his or her intention to quit, in which case the employee is entitled to his or

17 | her wages at the time of quitting.

18 |     71.    After Plaintiffs' resignation or termination, Defendants did not pay Plaintiffs

19 | their earned wages within the applicable time periods.  Indeed, Defendants still have not yet

20 | paid Plaintiffs all their earned and unpaid wages to this day.

21 |     72.    Plaintiffs are informed and believe, and thereon allege, that at all material times

22 | set forth herein, Defendants also failed to pay those Class Members who are no longer

23 | employed by Defendants their earned and unpaid wages at the time of discharge, or within 72

24 | hours of their leaving Defendants' employ.

25 |     73.    Defendants' failure to promptly pay Plaintiffs and those Class Members who

26 | are no longer employed by Defendants their wages earned and unpaid at the time of discharge

27 | or resignation violated <u>California Labor Code</u> §§ 201 or 202.

28 |

COMPLAINT

74.    California Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

75.    Therefore, Plaintiffs and other Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular rate of pay up to a 30 day maximum pursuant to California Labor Code § 203.

76.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example. Therefore, Plaintiffs and the other Class Members are entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Against all Defendants)

77.    Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out in paragraphs 1 through 76 of this Complaint.

78.    At all material times set forth herein, Defendants' conduct was unfair, unlawful, and harmful to Plaintiffs, the other Class Members and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

79.    Pursuant to California Business & Professions Code § 17200, et seq., Plaintiffs and the other Class Members are entitled to restitution of the wages withheld, deducted and/or retained by Defendants, and, losses and/or expenses unreimbursed or charged by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding monies due to Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law, and costs.

COMPLAINT

80.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiffs and the other Class Members are entitled to punitive damages.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the class;

3.    That counsel for Plaintiffs be appointed as class counsel; and,

4.    That Defendants provide to class counsel, immediately upon its appointment, the names and most current contact information (address and phone numbers) of all Class Members.

### As to the First Cause of Action

5.    For general unpaid wages at overtime wage rates;

6.    For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

7.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

8.    For punitive damages; and,

9.    For such other and further relief as the Court may deem appropriate.

COMPLAINT

As to the Second Cause of Action

10.    For general unpaid wages at overtime wage rates;

11.    For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

12.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

13.    For punitive damages; and,

14.    For such other and further relief as the Court may deem appropriate.

As to the Third Cause of Action

15.    For all actual damages, according to proof;

16.    For statutory penalties pursuant to California Labor Code § 226(e);

17.    For reasonable costs and attorney's fees pursuant to California Labor Code § 226(e);

18.    For punitive damages; and,

19.    For such other and further relief as the Court may deem appropriate.

As to the Fourth Cause of Action

20.    For payments pursuant to California Labor Code § 226.7(b);

21.    For reasonable attorney's fees;

22.    For costs of suit incurred herein;

23.    For punitive damages; and,

24.    For such other and further relief as the Court may deem appropriate.

As to the Fifth Cause of Action

25.    For unpaid wages;

COMPLAINT

18

26.    For interest on all due an unpaid wages, accrued from the date that the wages were due and payable, at the rate of interest specified in <u>California Civil Code</u> § 3289(b), pursuant to <u>California Labor Code</u> § 218.6;

27.    For costs of suit incurred herein;

28.    For punitive damages; and,

29.    For such other and further relief as the Court may deem appropriate.

## As to the Sixth Cause of Action

30.    For statutory penalties pursuant to <u>California Labor Code</u> § 203 for Plaintiff and all other class members who have left Defendants' employ;

31.    For reasonable attorney's fees;

32.    For costs of suit incurred herein;

33.    For punitive damages; and,

34.    For such other and further relief as the Court may deem appropriate.

## As to the Seventh Cause of Action

35.    For restitution of unpaid wages, wrongful deductions and unreimbursed expenses taken from all class members and pre-judgment interest thereon;

36.    For a permanent injunction ordering Defendants to pay required overtime rates for overtime hours worked to all sales associates, securities brokers and broker trainees and ordering Defendants to discontinue the practice of passing on the costs of Defendants' doing business to them;

37.    For reasonable attorney's fees that Plaintiffs and the other Class Members are entitled to recover under <u>California Code of Civil Procedure</u> § 1021.5;

\\\

\\\

\\\

\\\

COMPLAINT

38.   For costs of suit incurred herein;

39.   For punitive damages; and,

40.   For such other and further relief as the Court may deem appropriate.


Dated: March 29, 2007                          Initiative Legal Group LLP

                                               By: _____
                                                   Mark Yablonovich
                                                   Marc Primo
                                                   Joseph Cho
                                                   Shawn Westrick
                                                   Attorneys for Plaintiffs/Class
                                                   Members

COMPLAINT