H. SINCLAIR KERR, JR. (61713)
MICHAEL VON LOEWENFELDT (178665)
ADRIAN J. SAWYER (203712)
HOLLY HOGAN (238714)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Facsimile: (415) 371-0500

Attorneys for Defendants
AXA ADVISORS, LLC and
AXA NETWORK, LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLTON M. LENNON, individually, and on behalf of all members of the general public similarly situated, JAMES L. THOMPSON, individually, and on behalf of all members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AXA ADVISORS, LLC; AXA NETWORK, LLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 07-1858 EMC<br><br>**DEFENDANT AXA ADVISORS, LLC'S ANSWER TO COMPLAINT** |

Defendant AXA Advisors, LLC (hereinafter "AXA Advisors"), for itself and no other entity, answers Plaintiffs' Complaint as follows:

### Jurisdiction And Venue

1. Answering Paragraph 1 of the Complaint, said paragraph is a legal conclusion, and therefore no response is required. To the extent that a response is deemed required, AXA Advisors admits that Plaintiffs purport to bring a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Except as expressly admitted, AXA Advisors denies each and every allegation contained in said paragraph.

2. Answering Paragraph 2 of the Complaint, AXA Advisors admits that Plaintiffs filed a class action complaint against AXA Advisors on November 17, 2006, in Los Angeles Superior Court, and served AXA Advisors by January 9, 2007. AXA Advisors further admits that prior to removal of the previous action from the Los Angeles Superior Court, Plaintiffs filed an amended complaint in that court adding AXA Network, LLC as a defendant. Other than as expressly admitted, AXA Advisors denies each and every allegation contained in said paragraph.

3. Answering Paragraph 3 of the Complaint, AXA Advisors admits the allegations of said paragraph.

4. Answering Paragraph 4 of the Complaint, AXA Advisors admits the allegations of said paragraph.

5. Answering Paragraph 5 of the Complaint, AXA Advisors admits the allegations of said paragraph.

### The Parties

5. Answering Paragraph 5 of the Complaint,[1] AXA Advisors admits the allegations of said paragraph.

6. Answering Paragraph 6 of the Complaint, AXA Advisors admits the allegations of said paragraph.

---

[1] The Complaint has two Paragraph numbered 5. For clarity, AXA Advisors has chosen to duplicate the numbering scheme exactly.

7. Answering Paragraph 7 of the Complaint, AXA Advisors admits that is a broker-dealer and investment advisor and does business in the state of California. Except as expressly admitted, AXA Advisors denies each and every allegation contained in said paragraph.

8. Answering Paragraph 8 of the Complaint, AXA Advisors admits that AXA Network, LLC is a limited liability company and does business within the state of California, and that AXA Network, LLC offers annuity and insurance products. Except as expressly admitted, AXA Advisors denies each and every allegation contained in said paragraph.

9. Answering Paragraph 9 of the Complaint, AXA Advisors admits that Plaintiffs purport to be unaware of the names or capacities of Defendants sued under fictitious names DOES 1-20. AXA Advisors lacks sufficient information and belief as to the identity and capacity of the Doe Defendants, and on that basis denies each and every remaining allegation contained in said paragraph.

10. Answering Paragraph 10 of the Complaint, AXA Advisors lacks sufficient information and belief as to the truth of Plaintiffs' allegations concerning Doe Defendants, and on that basis denies each and every allegation contained in said paragraph.

11. Answering Paragraph 11 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

12. Answering Paragraph 12 of the Complaint, to the extent that said paragraph is a legal conclusion, no response is required. To the extent that a response is deemed required, AXA Advisors denies each and every allegation contained in said paragraph.

13. Answering Paragraph 13 of the Complaint, to the extent that said paragraph is a legal conclusion, no response is required. To the extent that a response is deemed required, AXA Advisors denies each and every allegation contained in said paragraph.

**Class Action Allegations**

14. Answering Paragraph 13 of the Complaint, said paragraph is a legal conclusion, and therefore no response is required. To the extent that the response is deemed required, AXA Advisors admits that Plaintiffs purport to bring this action as described in Paragraph 14 and seek class certification. AXA Advisors denies that class treatment is appropriate. AXA Advisors

1  denies each and every remaining allegation contained in said paragraph.

2      15.    Answering Paragraph 15 of the Complaint, AXA Advisors admits that Plaintiffs purport to bring an action on behalf of the proposed class described in said paragraph. AXA Advisors lacks sufficient information and belief as to the composition of the putative class because it does not employ "securities brokers" and/or "broker trainees" as defined by Plaintiffs; therefore on that basis, AXA Advisors denies each and every remaining allegation contained in said paragraph.

    16.    Answering Paragraph 16 of the Complaint, AXA Advisors pleads as follows:

    (a)    AXA Advisors admits, to the extent it understands Plaintiffs' allegations, that the putative Class Members, and each subclass, if any, are so numerous that joinder of all Class Members would be unfeasible and not practicable, and that membership of the entire putative class is unknown to Plaintiffs at this time. AXA Advisors lacks sufficient information and belief as to the size of the putative class, because it does not employ "securities brokers" and/or "broker trainees" as defined by Plaintiffs, although AXA Advisors acknowledges that the putative class potentially consists of more than 100 members. AXA Advisors denies that the identity of such membership is readily ascertainable by inspection of its employment records, on the grounds that AXA Advisors lacks sufficient information and belief as to how ascertainable the identity of putative Class Members will be.

    (b)    AXA Advisors denies each and every allegation contained in Paragraph 16(b).

    (c)    AXA Advisors denies each and every allegation contained in Paragraph 16(c).

    (d)    AXA Advisors denies each and every allegation contained in Paragraph 16(d).

    17.    Answering Paragraph 17 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

**Factual Allegations**

    18.    Answering Paragraph 18 of the Complaint, AXA Advisors denies each and every

1 allegation contained in said paragraph.

2     19. Answering Paragraph 19 of the Complaint, AXA Advisors admits that at some point in time it employed Plaintiffs as exempt workers in California. AXA Advisors lacks sufficient information and belief as to the composition of the putative class, and on that basis denies each and every allegation contained in Paragraph 18 about the putative class. Except as expressly admitted, AXA Advisors denies each and every allegation contained in said paragraph.

    20. Answering Paragraph 20 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

    21. Answering Paragraph 21 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

    22. Answering Paragraph 22 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

    23. Answering Paragraph 23 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as each and every remaining allegation of said paragraph.

## First Cause of Action

    24. Answering Paragraph 24 of the Complaint, AXA Advisors incorporates by reference its answers to Paragraphs 1 through 23, inclusive.

    25. Answering Paragraph 25 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith, denies that Plaintiffs' legal arguments have merit, and denies each and every remaining allegation of said paragraph.

    26. Answering Paragraph 26 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

    27. Answering Paragraph 27 of the Complaint, AXA Advisors denies each and every

1 | allegation contained in said paragraph.

2 |     28.     Answering Paragraph 28 of the Complaint, AXA Advisors denies each and every
3 | allegation contained in said paragraph.

4 |     29.     Answering Paragraph 29 of the Complaint, AXA Advisors denies each and every
5 | allegation contained in said paragraph.

6 |     30.     Answering paragraph 30 of the Complaint, AXA Advisors denies each and every
7 | allegation contained in said paragraph.

8 | **<u>Second Cause of Action</u>**

9 |     31.     Answering Paragraph 31 of the Complaint, AXA Advisors incorporates by
10 | reference its answers to Paragraphs 1 through 30, inclusive.

11 |     32.     Answering Paragraph 32 of the Complaint, said paragraph consists solely of legal
12 | argument to which no response is required. To the extent a response is deemed required, the
13 | statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
14 | inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
15 | each and every remaining allegation of said paragraph.

16 |     33.     Answering Paragraph 33 of the Complaint, said paragraph consists solely of legal
17 | argument to which no response is required. To the extent a response is deemed required, the
18 | statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
19 | inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
20 | each and every remaining allegation of said paragraph.

21 |     34.     Answering Paragraph 34 of the Complaint, AXA Advisors denies each and every
22 | allegation contained in said paragraph.

23 |     35.     Answering Paragraph 35 of the Complaint, said paragraph consists solely of legal
24 | argument to which no response is required. To the extent a response is deemed required, the
25 | statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
26 | inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
27 | each and every remaining allegation of said paragraph.

28 |     36.     Answering Paragraph 36 of the Complaint, said paragraph consists solely of legal

1  argument to which no response is required.  To the extent a response is deemed required, the
2  statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
3  inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
4  each and every remaining allegation of said paragraph.

5       37.     Answering Paragraph 37 of the Complaint, AXA Advisors denies each and every
6  allegation contained in said paragraph.

7       38.     Answering Paragraph 38 of the Complaint, AXA Advisors denies each and every
8  allegation contained in said paragraph.

9       39.     Answering Paragraph 39 of the Complaint, AXA Advisors denies each and every
10 allegation contained in said paragraph.

### Third Cause of Action

12      40.     Answering Paragraph 40 of the Complaint, AXA Advisors incorporates by
13 reference its answers to Paragraphs 1 through 39, inclusive.

14      41.     Answering Paragraph 41 of the Complaint, said paragraph consists solely of legal
15 argument to which no response is required.  To the extent a response is deemed required, the
16 statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
17 inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
18 each and every remaining allegation of said paragraph.

19      42.     Answering Paragraph 42 of the Complaint, AXA Advisors denies each and every
20 allegation contained in said paragraph.

21      43.     Answering Paragraph 43 of the Complaint, AXA Advisors denies each and every
22 allegation contained in said paragraph.

23      44.     Answering Paragraph 44 of the Complaint, AXA Advisors denies each and every
24 allegation contained in said paragraph.

25      45.     Answering Paragraph 45 of the Complaint, AXA Advisors denies each and every
26 allegation contained in said paragraph.

27      46.     Answering Paragraph 46 of the Complaint, AXA Advisors denies each and every
28 allegation contained in said paragraph.

47. Answering Paragraph 47 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

48. Answering Paragraph 48 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

**Fourth Cause of Action**

49. Answering Paragraph 49 of the Complaint, AXA Advisors incorporates by reference its answers to Paragraphs 1 through 48, inclusive.

50. Answering Paragraph 50 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as each and every remaining allegation of said paragraph.

51. Answering Paragraph 51 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

52. Answering Paragraph 52 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

53. Answering Paragraph 53 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

54. Answering Paragraph 54 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

55. Answering Paragraph 55 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

56. Answering Paragraph 56 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

57. Answering Paragraph 57 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

58. Answering Paragraph 58 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

**Fifth Cause of Action**

59. Answering Paragraph 59 of the Complaint, AXA Advisors incorporates by reference its answers to Paragraphs 1 through 58, inclusive.

60. Answering Paragraph 60 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as each and every remaining allegation of said paragraph.

61. Answering Paragraph 61 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as each and every remaining allegation of said paragraph.

62. Answering Paragraph 62 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as each and every remaining allegation of said paragraph.

63. Answering Paragraph 63 of the Complaint, said paragraph consists solely of legal argument to which no response is required. To the extent a response is deemed required, the statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as each and every remaining allegation of said paragraph.

64. Answering Paragraph 64 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

65. Answering Paragraph 65 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

66. Answering Paragraph 66 of the Complaint, said paragraph consists solely of legal

1 argument to which no response is required. To the extent a response is deemed required, the
2 statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
3 inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
4 each and every remaining allegation of said paragraph.

5   67.   Answering Paragraph 67 of the Complaint, AXA Advisors admits that Plaintiffs
6 make the requests described in said paragraph, and denies each and every allegation contained in
7 said paragraph.

8   68.   Answering Paragraph 68 of the Complaint, AXA Advisors denies each and every
9 allegation contained in said paragraph.

## Sixth Cause of Action

11   69.   Answering Paragraph 69 of the Complaint, AXA Advisors incorporates by
12 reference its answers to Paragraphs 1 through 68, inclusive.

13   70.   Answering Paragraph 70 of the Complaint, said paragraph consists solely of legal
14 argument to which no response is required. To the extent a response is deemed required, the
15 statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
16 inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
17 each and every remaining allegation of said paragraph.

18   71.   Answering Paragraph 71 of the Complaint, AXA Advisors denies each and every
19 allegation contained in said paragraph.

20   72.   Answering Paragraph 72 of the Complaint, AXA Advisors denies each and every
21 allegation contained in said paragraph.

22   73.   Answering Paragraph 73 of the Complaint, AXA Advisors denies each and every
23 allegation contained in said paragraph.

24   74.   Answering Paragraph 74 of the Complaint, said paragraph consists solely of legal
25 argument to which no response is required. To the extent a response is deemed required, the
26 statute quoted by Plaintiffs speaks for itself, and AXA Advisors denies any allegation
27 inconsistent therewith and further denies that Plaintiffs' legal arguments have merit, as well as
28 each and every remaining allegation of said paragraph.



1  75. Answering Paragraph 75 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

3  76. Answering Paragraph 76 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

### Seventh Cause of Action

6  77. Answering Paragraph 77 of the Complaint, AXA Advisors incorporates by reference its answers to Paragraphs 1 through 76, inclusive.

8  78. Answering Paragraph 78 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

10  79. Answering Paragraph 79 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

12  80. Answering Paragraph 80 of the Complaint, AXA Advisors denies each and every allegation contained in said paragraph.

### PLAINTIFFS' PRAYER FOR RELIEF

AXA Advisors denies each and every allegation contained in Plaintiffs' prayer for relief, Paragraphs 1 through 79, and each of them, and specifically denies that Plaintiffs and/or the purported class have been injured, or threatened with injury, in any way whatsoever, or at all, further denies that class certification is appropriate, and specifically denies that Plaintiffs and/or the purported class are entitled to any relief of any kind whatsoever.

### ADDITIONAL DEFENSES

(Applicable to All Causes of Action Unless Otherwise Specified)

AXA Advisors asserts the following additional defenses to Plaintiffs' Complaint:

### FIRST ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of estoppel.



– 10 –
CASE NO. 07-1858 EMC                                                   ANSWER BY AXA ADVISORS

### THIRD ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of waiver.

### FOURTH ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of laches.

### FIFTH ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of unclean hands.

### SIXTH ADDITIONAL DEFENSE

The claims asserted in the Complaint are barred to the extent that they fail to satisfy the applicable statute of limitations, including but not limited to 29 U.S.C. section 255, California Code of Civil Procedure sections 337, 338, 339, and 340, and California Business and Professions Code section 17208.

### SEVENTH ADDITIONAL DEFENSE

The consent to and/or approval of any and all of AXA Advisors' alleged conduct, statements, and/or omissions by the Plaintiffs and/or the purported class members bars the allegations contained in the Complaint.

### EIGHTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, because all of the alleged acts were privileged and/or justified.

### NINTH ADDITIONAL DEFENSE

The Complaint is barred because AXA Advisors did not employ the Plaintiffs and/or the purported class members.

### TENTH ADDITIONAL DEFENSE

The Complaint is barred because the Plaintiffs and/or purported class members were independent contractors.

**ELEVENTH ADDITIONAL DEFENSE**

AXA Advisors has acted in good faith and reasonably believes it is not violating the Fair Labor Standards Act with regard to its classification of exempt employees.

**TWELFTH ADDITIONAL DEFENSE**

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, neither Plaintiffs, nor the purported class members, are entitled to minimum wages or overtime compensation under the provisions of Sections 6 and 7 of the Fair Labor Standards Act (29 U.S.C. sections 206, 207), inasmuch as Plaintiffs and the purported class members are and/or were employed in a bona fide executive capacity as such term has been defined and delineated by the Fair Labor Standards Act as well as the Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to authority delegated by the Secretary of Labor.

**THIRTEENTH ADDITIONAL DEFENSE**

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, neither Plaintiffs, nor the purported class members, are entitled to minimum wages or overtime compensation under the provisions of Sections 6 and 7 of the Fair Labor Standards Act (29 U.S.C. sections 206, 207), inasmuch as Plaintiffs and the purported class members are and/or were employed in a bona fide professional capacity as such term has been defined and delineated by the Fair Labor Standards Act as well as the Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to authority delegated by the Secretary of Labor.

**FOURTEENTH ADDITIONAL DEFENSE**

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, neither Plaintiffs, nor the purported class members, are entitled to minimum wages or overtime compensation under the provisions of Sections 6 and 7 of the Fair Labor Standards Act (29 U.S.C. sections 206, 207), inasmuch as Plaintiffs and the purported class members are and/or were employed in a bona fide administrative capacity as such term has been defined and delineated by the Fair Labor Standards

1  Act as well as the Administrator of the Wage and Hour Division of the United States Department
2  of Labor, pursuant to authority delegated by the Secretary of Labor.

### FIFTEENTH ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, neither Plaintiffs, nor the purported class members, are entitled to minimum wages or overtime compensation under the provisions of Sections 6 and 7 of the Fair Labor Standards Act (29 U.S.C. sections 206, 207), inasmuch as Plaintiffs and the purported class members are and/or were employed as outside salespersons as such term has been defined and delineated by the Fair Labor Standards Act as well as the Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to authority delegated by the Secretary of Labor.

### SIXTEENTH ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, neither Plaintiffs, nor the purported class members, are entitled to minimum wages or overtime compensation under the provisions of Sections 6 and 7 of the Fair Labor Standards Act (29 U.S.C. sections 206, 207), inasmuch as Plaintiffs and the purported class members were employed by a retail or service establishment as such term has been defined and delineated by the Fair Labor Standards Act as well as the Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to authority delegated by the Secretary of Labor.

### SEVENTEENTH ADDITIONAL DEFENSE

If it is determined that Plaintiffs and/or the purported class members are entitled to any relief for overtime compensation pursuant to the Fair Labor Standards Act, AXA Advisors contends that Plaintiffs and/or the purported class members are limited to payment for overtime hours at one and one-half times their hourly rate.

### EIGHTEENTH ADDITIONAL DEFENSE

To the extent that the work time that Plaintiffs and/or the purported class members claim was not included in determining total hours of work in the workweek for purposes of computing

1  overtime compensation was negligible in amount and, hence, de minimis, the Court should not
2  give cognizance to that amount and should deny any recovery for such hours of work.

### NINTEENTH ADDITIONAL DEFENSE

Pursuant to 29 U.S.C. section 254, AXA Advisors is relieved of any liability for the overtime compensation and minimum wages claimed by Plaintiffs and/or the class members to the extent that the activities on which claims for overtime compensation and minimum wages are based consisted of traveling to and from the actual place of performance of, and of activities preliminary and postliminary to, the principal activities of employment, because such activities were not compensable by either an express provision of any written or nonwritten contract or by any custom or practice in effect at the time of such activities; or, if compensable by such contract, custom, or practice, the activities were not engaged in during the portion of the day with respect to which they were so made compensable.

### TWENTIETH ADDITIONAL DEFENSE

Without admitting that AXA Advisors' acts and omissions alleged in the Complaint violated the Fair Labor Standards Act, AXA Advisors avers that such acts and omissions were committed in good faith and that AXA Advisors had reasonable grounds for believing that such acts or omissions were not a violation of the Fair Labor Standards Act. AXA Advisors therefore requests that the Court, in the exercise of its sound discretion, not make any award of liquidated damages to Plaintiffs and/or the purported class members.

### TWENTY-FIRST ADDITIONAL DEFENSE

To the extent that AXA Advisors had no knowledge of the overtime work of the Plaintiffs and/or the purported class members alleged in the Complaint, and the conduct of the Plaintiffs and/or the purported class members prevented it from discovering such overtime work, AXA Advisors cannot be said to have suffered or permitted the work under the Fair Labor Standards Act, and thus is not liable for overtime compensation.

### TWENTY-SECOND ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and

1  the purported class members are barred inasmuch as Plaintiffs and/or the purported class
2  members are and/or were employed in a bona fide executive capacity as such term has been
3  defined and delineated by the California Labor Code as well as the Industrial Welfare
4  Commission pursuant to authority delegated by the California Labor Code.

### TWENTY-THIRD ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and the purported class members are barred inasmuch as Plaintiffs and/or the purported class members are and/or were employed in a bona fide professional capacity as such term has been defined and delineated by the California Labor Code as well as the Industrial Welfare Commission pursuant to authority delegated by the California Labor Code.

### TWENTY-FOURTH ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and the purported class members are barred inasmuch as Plaintiffs and/or the purported class members are and/or were employed in a bona fide administrative capacity as such term has been defined and delineated by the California Labor Code as well as the Industrial Welfare Commission pursuant to authority delegated by the California Labor Code.

### TWENTY-FIFTH ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and the purported class members are barred inasmuch as Plaintiffs and/or the purported class members are and/or were employed as outside salespersons as such term has been defined and delineated by the California Labor Code as well as the Industrial Welfare Commission pursuant to authority delegated by the California Labor Code.

### TWENTY-SIXTH ADDITIONAL DEFENSE

AXA Advisors properly classified Plaintiffs and the purported class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and

1  the purported class members are barred inasmuch as Plaintiffs' and/or the purported class
2  members' earnings exceeded one and a half times the minimum wage, and more than half of
3  Plaintiffs' and/or the purported class members' earnings represents commissions.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

5  AXA Advisors' alleged acts or omissions, if any, were in good faith and AXA Advisors
6  has reasonable grounds to believe that the alleged acts or omissions did not violate the California
7  Labor Code or any order of the California Industrial Welfare Commission.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

9  AXA Advisors' conduct and activities as alleged in the Complaint and any alleged
10  violation of law, if it occurred, was non-willful and unintentional.

### TWENTY-NINTH ADDITIONAL DEFENSE

12  The Complaint fails to state a claim against AXA Advisors sufficient to impose penalties,
13  including but not limited to, penalties pursuant to California Labor Code sections 203, 226.7,
14  558, and 2699-2699.5

### THIRTIETH ADDITIONAL DEFENSE

16  The claims of Plaintiffs and/or the purported class members for penalties pursuant to
17  California Labor Code section 2699 is barred due to the failure of Plaintiffs and/or the purported
18  class members to exhaust administrative remedies.

### THIRTY-FIRST ADDITIONAL DEFENSE

20  The claims of the Plaintiffs and/or the purported class members are barred to the extent
21  that Plaintiffs and/or the purported class members secreted or absented themselves to avoid
22  payment of wages and/or refused to receive the payment fully tendered to them by AXA
23  Advisors, thereby relieving AXA Advisors of liability for Labor Code section 203 penalties.

### THIRTY-SECOND ADDITIONAL DEFENSE

25  To the extent AXA Advisors is liable, if at all, for the claims of Plaintiffs and/or the
26  purported class, the fact and extent of which AXA Advisors denies, AXA Advisors is entitled to
27  indemnification, contribution, and/or equitable apportionment for such claims among all other
28  parties, individuals or other entities responsible for those claims.

**THIRTY-THIRD ADDITIONAL DEFENSE**

To the extent Plaintiffs and/or the purported class members, seek compensatory damages or other damages not available under the Fair Labor Standards Act, any such attempt to obtain those damages is barred.

**THIRTY-FOURTH ADDITIONAL DEFENSE**

Plaintiffs, as well as the purported class members, have failed, and continue to fail, to reasonably mitigate, minimize, or avoid any damages they have allegedly sustained, and recovery against AXA Advisors, if any, must be reduced accordingly.

**THIRTY-FIFTH ADDITIONAL DEFENSE**

The Complaint and each and every cause of action contained therein does not state facts sufficient to form a basis for obtaining punitive damages.

**THIRTY-SIXTH ADDITIONAL DEFENSE**

Plaintiffs, as well as the purported class members, are barred from obtaining punitive damages because such punitive damages would violate AXA Advisors' rights under the United States and California Constitutions.

**THIRTY- SEVENTH ADDITIONAL DEFENSE**

Plaintiffs cannot maintain their class action claims because they are not adequate class representatives.

**THIRTY- EIGHTH ADDITIONAL DEFENSE**

Plaintiffs cannot maintain their class action claims because the purported class lacks sufficient numerosity, common questions of law or fact do not predominate, and Plaintiffs' claims are not typical of the claims of the purported class.

**THIRTY- NINTH ADDITIONAL DEFENSE**

Class treatment is inappropriate for the claims presented in Plaintiffs' complaint because resolution of those claims requires or will require individualized inquiries into the factual circumstances of each purported class member.

**FORTIETH ADDITIONAL DEFENSE**

Class treatment is not superior to other available methods for the fair and efficient

1  adjudication of the claims of the Plaintiffs, and/or the purported class members.

## RESERVATION OF RIGHT

AXA Advisors is presently without knowledge or information sufficient to form a belief as to whether it has additional defenses. Accordingly, AXA Advisors reserves the right to assert additional defenses if AXA Advisors becomes aware of the existence of additional defenses during discovery.

WHEREFORE, AXA Advisors prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint;
2. For dismissal with prejudice of the Complaint;
3. That AXA Advisors be awarded its costs incurred in this action, including reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

DATED: April 19, 2007              **KERR & WAGSTAFFE LLP**

By _____/s/_____
ADRIAN J. SAWYER

Attorneys for Defendants
AXA ADVISORS, LLC and
AXA NETWORK, LLC

28930