1 | H. SINCLAIR KERR, JR. (61713)
MICHAEL VON LOEWENFELDT (178665)
2 | ADRIAN J. SAWYER (203712)
HOLLY HOGAN (238714)
3 | **KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
4 | San Francisco, CA 94105–1528
Telephone: (415) 371-8500
5 | Fax: (415) 371-0500

6 | Attorneys for Defendants
AXA ADVISORS, LLC, and
7 | AXA EQUITABLE LIFE INSURANCE CO.

8 | [Additional Counsel Listed
On Following Page]
9

10 | **UNITED STATES DISTRICT COURT**

11 | **NORTHERN DISTRICT OF CALIFORNIA**

12 | **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13  PAUL MEOLA, individually, and on behalf of all others similarly situated,<br>14<br>15              Plaintiff,<br>16        vs.<br>17  AXA FINANCIAL, INC.; AXA ADVISORS, LLC; AXA EQUITABLE LIFE INSURANCE<br>18  CO.; and DOES 1 through 10, inclusive,<br>19              Defendants. | Case No. C 06 4291 JSW<br>(Related to C 07 1858 JSW)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 31, 2007<br>Time: 1:30 p.m.<br>Courtroom: 2, 17th Floor<br><br>Hon. Jeffrey S. White |
| 20  CARLTON M. LENNON, individually, and on behalf of all other members of the general<br>21  public similarly situated, JAMES L. THOMPSON, individually, and on behalf of<br>22  all other members of the general public similarly situated,<br>23              Plaintiffs,<br>24        vs.<br>25  AXA ADVISORS, LLC; AXA NETWORK, LLC; and DOES 1 through 20, inclusive,<br>26<br>27              Defendants. | Case No. C 07 1858 JSW |

28

1  BRYAN KING SHELDON (116219)
   LIM, RUGER & KIM LLP
2  1055 West Seventh Street, Suite 2800
   Los Angeles, CA 90017
3  Telephone:  (213) 955-9500
   Facsimile:  (213) 955-9511
4  [Local Co-Counsel]

5  JOSEPH D. MELTZER (admitted pro hac vice)
   GERALD D. WELLS, III (admitted pro hac vice)
6  ROBERT J. GRAY (admitted pro hac vice)
   SCHIFFRIN & BARROWAY
7  280 King of Prussia Road
   Radnor, Pennsylvania 19087
8  Telephone:  (610) 667-7706
   Facsimile: (610) 667-7056
9  [Lead Counsel]

10 Attorneys for Plaintiff
   PAUL MEOLA

11

12 MARK YABLONOVICH (186670)
   MARC PRIMO (216796)
13 JOSEPH CHO (198844)
   SHAWN WESTRICK (235513)
14 **INITIATIVE LEGAL GROUP LLP**
   1800 Century Park East, Suite 200
15 Los Angeles, CA 90067
   Telephone:  (310) 556-5637
16 Facsimile:  (310) 861-9051

17 Attorneys for Plaintiffs in
   *Lennon, et al. v. AXA Advisors, LLC, et al.,*
18 No. 07-1858 CW

19

20

21

22

23

24

25

26

27

28

1

1   The parties hereby submit the following Joint Case Management Statement, pursuant to

2   Civil Local rule 16-9 and the Standing Order for All Judges of the Northern District of California

3   entitled "Contents of Joint Case Management Statement."

4       1.    <u>Jurisdiction and Service</u>

5   This action asserts claims under the Fair Labor Standards Act, the California Labor Code,

6   and the California Business & Professions Code.  The court has jurisdiction pursuant to 28

7   U.S.C. § 1331 and § 1367.  All defendants have been served.

8       2.    <u>Facts</u>

9   **The Meola Action**

10  On July 12, 2006, plaintiff Paul Meola ("Meola") filed this putative class and collective

11  action alleging wage and hour claims against three AXA entities: (1) AXA Financial, Inc,; (2)

12  AXA Advisors, LLC; and (3) AXA Equitable Life Insurance Co.  Only AXA Advisors, LLC and

13  AXA Equitable Life Insurance Co. remain as defendants.

14  Meola alleges that he "was a Securities Broker employed by Defendant [sic] at their San

15  Francisco office."  (Compl. ¶ 25.)  He further alleges that "Defendant [sic] failed to compensate

16  [him] for hours worked above and beyond the forty hour work week."  (Id.)

17  Meola's complaint originally asserted nine counts against Defendants.  Count 2, for

18  records-keeping violations under the FLSA, was dismissed with prejudice by stipulation and

19  order.  Consequently, there are currently eight counts remaining against Defendants including

20  claims for (1) unpaid overtime, under the FLSA; (2) equitable relief for unpaid overtime, under

21  the California Business and Professions Code; (3) damages for unpaid overtime, under the

22  California Labor Code; (4) damages for minimum wage violations, under the California Labor

23  Code; (5) unlawful deductions from wages, under the California Labor Code; (6) waiting time

24  penalties, under the California Labor Code; (7) rest and meal break violations, under the

25  California Labor Code; and (8) records-keeping violations under the California Labor Code.

26  The principal but not sole factual issues in dispute include: (1) whether Meola and the

27  putative class members were employees of Defendants or any AXA entity, as opposed to

28  independent contractors; (2) if employees, whether they were exempt from federal and state

1

1   overtime and minimum wage requirements; (3) whether Defendants made any unlawful

2   deductions from wages; (4) whether Defendants violated the waiting-time requirements of the

3   California Labor Code; (5) whether Defendants violated the meal and rest break provisions of the

4   California Labor Code; (6) whether Defendants violated the records-keeping requirements of the

5   California Labor Code and/or the FLSA; (7) whether this action may properly be certified as a

6   collective action under the FLSA; (8) whether this action may properly be certified as a class

7   action under Rule 23; and (9) whether Meola is a proper class representative.

8   **The Lennon Action**

9          The action styled *Lennon, et al. v. AXA Advisors, LLC, et al.*, No. 07-1858, was originally

10  filed in Los Angeles County Superior Court on November 17, 2006.  On January 17, 2007, AXA

11  Advisors removed *Lennon* to the U.S. District Court for the Central District of California.

12  Subsequently, AXA Advisors and the plaintiffs in *Lennon* agreed that the plaintiffs in *Lennon*

13  would dismiss that action without prejudice and refile it in the Northern District of California.

14  On February 27, 2007, the Central District dismissed *Lennon* without prejudice so that it could

15  be refiled in the Northern District for the purpose of relation to and consolidation with this

16  action.

17         On March 30, 2007, *Lennon* was refiled in the Northern District of California, where it

18  was docketed under the case number given above, No. 07-1858 EMC. *Lennon* now names AXA

19  Advisors, LLC, and AXA Network, LLC as defendants.  On May 17, 2007, *Lennon* was ordered

20  reassigned to this Court, and is now docketed as No. 07-1858 JSW.

21         *Lennon* asserts claims for unpaid overtime under the FLSA and California law, and

22  asserts the same records-keeping, waiting-time, and meal and rest break claims as in this lawsuit.

23  It purports to assert a class action on behalf of current and former alleged "securities brokers and

24  broker trainees" who worked for AXA Advisors and AXA Network in California.

25         3.    Legal Issues

26         At this stage in the litigation, the parties have not focused on particular legal issues in

27  dispute.  Rather, the parties presently dispute whether the Meola Action and the Lennon Action,

28  along with the recently filed Bolea Action, should be consolidated for all purposes or for pretrial

1    purposes only.  A short recitation of the parties' respective positions is set forth below.

2    **Plaintiffs' Position**

3    　　Plaintiffs Meola, Lennon and Bolea all believe that the three cases should be consolidated

4    for all purposes.  Plaintiffs assert that after the consolidation of the cases, Plaintiffs shall file an

5    omnibus master complaint which shall serve as the operative complaint for the actions.  Through

6    the filing of this complaint, Plaintiffs will have an opportunity to present the concise legal issues

7    before the Court, as well as have an opportunity to add additional party-plaintiffs if necessary.

8    By consolidating the actions for all purposes, the Court will conserve judicial resources as it will

9    have to rule upon one motion (for example, motions for class certification), rather than three

10   substantially similar motions.

11   　　Plaintiffs in all three actions are currently working on a private ordering of Plaintiffs'

12   Counsel and have reached an agreement in principle.  The agreement has been reduced to writing

13   and has been circulated among Plaintiffs' counsel and their clients for execution.  In reliance

14   upon the said agreement, Plaintiffs in all three actions agree that consolidation is appropriate and

15   anticipate filing a stipulation to that effect upon a judicial determination as to the scope of

16   consolidation of the related matters identified herein.

17   **Defendants' Position**

18   　　The parties disagree on the scope and mechanics of consolidation.  The parties

19   agree that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the

20   actions present certain common questions of law and fact.  But while Plaintiffs want the actions

21   consolidated for all purposes and want to supersede the operative complaints with a single

22   consolidated complaint, Defendants request consolidation for the pre-trial purposes of discovery

23   and case management only and see no need for a consolidated complaint.

24   　　Under Defendants' approach, depositions will only need to be taken once, for all actions,

25   and written discovery will only need to be served once, for all actions.  The case management

26   calendar for all actions will be the same.  But the putative class complaints that have been filed

27   and served on Defendants will remain the operative complaints, and any amendment of a

28   particular complaint will amend the complaint in that action, not in the other actions.

3

1    Defendants' approach is the right one for these actions. First, the chief benefits of

2 consolidation are savings and efficiency in the discovery and case management process. That is

3 readily achieved with consolidation for those purposes. Especially where, as here, the same

4 lawyers represent Plaintiff in the <u>Meola</u> action and the <u>Bolea</u> action, it is hard to imagine what

5 more is needed to create efficiencies in the litigation process. There is no efficiency to be gained

6 by filing an amended consolidated complaint and blending the actions into one.

7    Second, there are differences between all actions that warrant maintaining their separate

8 characters. <u>Meola</u> is filed on behalf of a putative nationwide opt-in class for the FLSA claims

9 and a California class for the California Labor Code claims. <u>Lennon</u> is filed on behalf of a

10 California class for both the FLSA claims and the California Labor Code claims. And <u>Bolea</u> is

11 filed on behalf of a nationwide class for the FLSA claims and a *Pennsylvania* class for its

12 Pennsylvania claims. Moreover, as the named Plaintiffs (and therefore, their counsel) are aware

13 from their experience with Defendants, the class representatives are drawn from distinct

14 segments of AXA's agent population. Meola is a former pre-contract prospective associate.

15 Carlton Lennon and James Thompson were agents under 12th and 20th Edition contracts.

16 Anthony Bolea is an agent under a 14th Edition contract. Each of these representatives,

17 therefore, is from a distinct group of agent with a different contractual relationship to

18 Defendants. These differences are relevant to class certification, namely to whether each named

19 Plaintiff is a proper class representative and, if so, how broad a class a particular Plaintiff may

20 represent. It is important that those differences not be erased at this stage.

21    Third, this Court has a rule, already imposed once in the <u>Meola</u> case, barring more than

22 one summary judgment motion per side. Given the differences in these actions outlined above, it

23 is imperative that Defendants maintain the flexibility to bring a summary judgment motion in

24 each action. Anything less will prejudice Defendants.

25    In fact, given the scope and complexity of these putative class actions, Defendants ask the

26 Court to excuse the parties from its rule limiting each side to one summary judgment motion.

27 This would further efficiency because the parties could address issues as they are ripe for

28 summary judgment rather than having such issues linger in the case.

C06 4291 JSW                                    JOINT CASE MANAGEMENT STATEMENT

4.    Motions

**The Meola Action**

On October 16, 2006, AXA Financial, Inc., filed a motion to dismiss for lack of personal jurisdiction. In response to the motion, plaintiff stipulated to dismiss AXA Financial, Inc., without prejudice. On November 22, 2006, the Court dismissed AXA Financial, Inc., without prejudice.

Also on October 16, 2006, AXA Advisors, LLC, and AXA Equitable Life Insurance Co. moved to dismiss Count 2 for failure to state a claim. In response to the motion, plaintiff stipulated to dismiss Count 2 with prejudice. On November 22, 2006, the Court dismissed Count 2 with prejudice.

Finally, on October 16, 2006, AXA Advisors and AXA Equitable Life Insurance Co. applied for leave to file a motion for summary judgment on Counts 6 and 8 of the Complaint. The Court denied the application. Defendants anticipate that the same grounds for summary judgment as were sought to be raised in that motion will be raised at a later date in a motion for summary judgment.

**The Lennon Action**

At present, there has been no substantive motion practice in the *Lennon* action although Defendants have indicated that they will file a motion for summary judgment at the appropriate time.

5.    Amendment of Pleadings

Plaintiff Meola anticipates filing an amended complaint that will add additional named plaintiffs. Plaintiff has to date refrained from filing such amended complaint prior to a judicial determination as to the scope of consolidation of the related matters.

6.    Evidence Preservation

Without waiving any applicable attorney-client privilege or work-product protection, Defendants state that they have undertaken reasonable steps to collect and preserve hard copy and electronic documents relevant to the issues reasonably evident in this action.

1    7.    Disclosures

2    To date, the parties have not exchanged initial disclosures.

3    8.    Discovery

4    The parties believe that it is premature to engage in discovery prior to a judicial

5    determination as to the scope of consolidation of the related matters.

6    9.    Class Actions

7    At this point, the parties believe it is premature to propose a timetable for the Court to

8    address certification of the FLSA collective action and the Rule 23 class action prior to a judicial

9    determination as to the scope of consolidation of the related matters.

10    10.    Related Cases

11    Presently, the parties are aware of a related case.  On February 5, 2007, in the U.S.

12    District Court for the Western District of Pennsylvania, a the related action captioned *Bolea v.*

13    *AXA Advisors, LLC, et al.,* Case No. Case No. 04-0141 AJS, was filed.  *Bolea* asserts claims for

14    overtime and minimum wage violations under the FLSA and Pennsylvania law, along with

15    claims for failure to maintain records and for waiting time penalties. The plaintiff purports to

16    represent an FLSA nationwide collective class of "securities brokers" who work or worked for

17    AXA Advisors, and a Rule 23 class of "securities brokers" who work or worked for AXA

18    Advisors in Pennsylvania.

19    Counsel for Plaintiff Bolea has voluntarily dismissed his action and re-filed his action in the

20    Northern District of California on May 29, 2007.  A motion to relate the matters and have the

21    *Bolea* matter transferred before this Court was filed on August 23, 2007.  At present, the Court

22    has not yet ruled upon this motion.

23    11.    Relief

24    Plaintiffs in the Meola and Lennon actions seek compensatory relief for Defendants'

25    violations of the FLSA and above-referenced California state labor laws, in addition to such

26    equitable relief as the Court deems appropriate.  Plaintiff Bolea seeks compensatory relief for

27    Defendants' violations of the FLSA and Pennsylvania state labor laws, in addition to such

28    equitable relief as the Court deems appropriate.

6

12.     Settlement and ADR

At this point, the parties believe it is premature to decide on ADR procedure prior to a judicial determination as to the scope of consolidation of the related matters.

13.     Consent to Magistrate Judge for All Purposes

The parties do not consent to a magistrate judge for all purposes.

14.     Other References

Not applicable.

15.     Narrowing of Issues

At this early stage in the litigation, the parties are unaware of issues that can be narrowed by agreement or motion, with the exception of the motion for summary judgment the Defendants previously applied for leave to file.

16.     Expedited Schedule

This action is not appropriate for an expedited schedule.

17.     Scheduling

In light of the ongoing transfer and consolidation issues regarding related actions, discussed in Item No. 10, "Related Actions," the parties believe it is premature to establish a discovery schedule.

18.     Trial

Plaintiffs have each demanded a trial by jury. The parties believe it is premature to estimate length of trial.

19.     Disclosure of Non-Party Interested Entities or Persons

Defendants filed a Certificate of Interested Parties on May 18, 2007, stating that Defendant's parent, AXA, a *societe anonyme a directoire et conseil de surveillance* organized under the laws of France, and Defendants' affiliate, AXA Network, LLC, have a financial interest in the subject matter in controversy or in a party to the proceeding.

20.     Other Matters As May Facilitate The Just, Speedy, and Inexpensive Disposition Of This Matter

Not applicable

7

1  DATED: August 24, 2007

2                                    **KERR & WAGSTAFFE LLP**

3

   By: ___/s/_____
4                                         Adrian J. Sawyer

5                                    Attorneys for Defendants
6                                    AXA ADVISORS, LLC and
                                     AXA EQUITABLE LIFE INSURANCE CO.
7
   DATED: August 24, 2007
8                                    **LIM, RUGER & KIM, LLP**

9
   By: ___/s/_____
10                                        Nicholas Orihuela

11                                   Local Counsel for Plaintiff
                                     PAUL MEOLA
12

13                                   **SCHIFFRIN BARROWAY TOPAZ &
                                     KESSLER, LLP**
14
                                     Lead Counsel for Plaintiff
15                                   PAUL MEOLA

16  DATED: August 24, 2007          **INITIATIVE LEGAL GROUP LLP**

17

18  By: ___/s/_____
                                          Joseph Cho (198844)
19
                                     Counsel for Plaintiffs
20                                   CARLTON LENNON and JAMES THOMPSON

21

22

23

24

25

26

27

28

---

                                         8
   C06 4291 JSW                          JOINT CASE MANAGEMENT STATEMENT

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT       )
                                   )       ss
NORTHERN DISTRICT OF CALIFORNIA    )

     I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park East, Second Floor, Los Angeles, California 90067.

     On August 24, 2007, I served the within document(s) described below as:

**JOINT CASE MANAGEMENT STATEMENT**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| M. Kirby C. Wilcox<br>Paul, Hastings, Janofsky & Walker LLP<br>55 Second Street<br>Twenty-Fourth Floor<br>San Francisco, CA 94105-3441<br>Telephone: (415) 856-7000<br>Fax: (415) 856-7100 | H. Sinclair Kerr, Jr. (61713)<br>Michael von Loewenfeldt (178665)<br>Adrian J. Sawyer (203712)<br>Holly Hogan (238714)<br>Kerr & Wagstaffe LLP<br>100 Spear Street, Suite 1800<br>San Francisco, CA 94105–1528<br>Telephone: (415) 371-8500<br>Fax: (415) 371-0500 |
| Bryan King Sheldon<br>Lim, Ruger & Kim LLP<br>1055 West Seventh Street, Suite 2800<br>Los Angeles, CA 90017<br>Telephone:  (213) 955-9500<br>Fax:  (213) 955-9511 | Joseph D. Meltzer<br>Gerald D. Wells, III<br>Robert J. Gray<br>Schiffrin & Barroway<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087<br>Telephone:  (610) 667-7706<br>Fax: (610) 667-7056 |

**(X)**    **MAIL:** I deposited such envelopes in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

1    ( )    **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to
2            be delivered to an overnight courier service (Federal Express), for delivery to
             the above addressee(s).
3    (X)    **(FEDERAL)** I declare that I am employed in the office of a member of the
4            bar of this court at whose direction the service was made.

5            **EXECUTED** this document on August 24, 2007, at Los Angeles, California.

6

7            _____
             JeeHyun Yoon

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
JOINT CASE MANAGEMENT STATEMENT