IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*In re AXA Wage and Hour Litigation*

No. C 06-04291 JSW

THIS DOCUMENT APPLIES TO ALL ACTIONS

**ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD COUNSEL**

_____/

### INTRODUCTION

This matter comes before the Court upon consideration of the motion for appointment of lead counsel filed by Plaintiffs Paul Meola, Carlton M. Lennon, James L. Thompson, Anthony Bolea, and Harkant Dhruv (collectively "Plaintiffs"). By their motion, Plaintiffs ask this Court to appoint the law firms of Cotchett, Pitre & McCarthy and Shiffrin, Barroway Topaz & Kessler, LLP as co-lead counsel in this consolidated class action.

Having considered the parties' papers, including the supplemental briefing ordered by the Court, relevant legal authority, and the record in this case, the Court HEREBY VACATES the hearing set for November 30, 2007, and GRANTS the motion.

### BACKGROUND

As set forth in Plaintiffs' motion, Plaintiffs have filed four putative class action lawsuits against Defendants in which they allege that they are entitled to overtime pay under federal and state law. The Court granted motions to relate those four cases, and the parties have now agreed that they should be consolidated. (Declaration of Niall P. McCarthy, Ex. H; Stipulation and Proposed Pretrial Order No. 1.) Although Plaintiffs have not yet filed a motion to certify the

class, they seek appointment of co-lead counsel to "effectively manage these cases, to avoid duplication of efforts, and to protect the interests of the Plaintiffs." (Mot. at 3:23-15.)

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 23(g)(2), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." In this case, there are two applicants for co-class counsel, and no competing applicants. When appointing interim class counsel, a court must find that the applicant is adequate under Rule 23(g)(1)(B) and (C). Rule 23(g)(1)(B), in turn, requires that "[a]n attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Rule 23(g)(1)(C), requires that:

> (i) the court must consider:
> - the work counsel has done in identifying or investigating potential claims in the action,
> - counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
> - counsel's knowledge of the applicable law, and
> - the resources counsel will commit to representing the class;
> 
> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> 
> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
> 
> (iv) may make further orders in connection with the appointment.

Based on the declarations and supplemental declarations presented to the Court in connection with this motion, the Court finds that the Schiffrin and Cotchett firms are adequate under Rule 23(g)(1)(B) and (C).

Therefore, the Court HEREBY ORDERS as follows:

1. Pursuant to Rule 23(g)(2)(A), the following are appointed as interim Co-Lead Class Counsel:

**Schiffrin Barroway Topaz and Kessler, LLP,** 280 King of Prussia Road, Radnor, PA, 19807, Telephone 610-667-7706, Facsimile 610-667-7056; 2125 Oak Grove Road, Suite 120, Walnut Creek, CA 90067, Telephone: 925-945-0200, Facsimile: 925-945-8792;

AND

1  **Cotchett, Pitre & McCarthy,** San Francisco Airport Office Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, Telephone: 650-697-6000.  Facsimile: 650-697-0577.

2. Co-Lead Class Counsel in the Consolidated Action shall have authority over the following matters on behalf of all plaintiffs: (a) convening meetings of counsel working for the class; (b) initiating, responding to, scheduling, briefing and arguing of all motions; (c) determining the scope, order and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys appear at the hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution of or resolution of their respective cases.

3. All Plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to Co-Lead Class Counsel.

4. Co-Lead Class Counsel shall have authority to communicate with Defendants' counsel and the Court on behalf of the putative class.  Defendants' counsel may rely on all agreements made with Co-Lead Class Counsel, and such agreements shall be binding.

5. Co-Lead Class Counsel in the Consolidated Action also is charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

6. Co-Lead Class Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

**IT IS SO ORDERED.**

Dated: November 19, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE